IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BYRD | : | CIVIL ACTION |
| | : | |
| v. | : | No. 13-1116 |
| | : | |
| JEROME WALSH, et al. | : | |

<u>**MEMORANDUM**</u>

**Juan R. Sánchez, J.**                                                                                           **February 24, 2016**

      John Byrd raises several objections to the Report and Recommendation of United States Magistrate Judge Thomas J. Reuter, recommending Byrd's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody be dismissed as untimely. Upon independent review of the record, and de novo review of Byrd's objections, the Court agrees with Judge Reuter that Byrd's petition was untimely and neither statutory tolling nor equitable tolling operate to make Byrd's petition timely. The Court, therefore, will overrule Byrd's objections, adopt the Report and Recommendations, and dismiss Byrd's petition as time-barred.

      Following a jury trial in the Court of Common Pleas of Philadelphia, Byrd was convicted of robbery and possession of an instrument of crime, and was sentenced to 10-20 years for the robbery conviction and 2.5-5 years for the possession charge, to be served consecutively.[1] On February 25, 1994, the Superior Court of Pennsylvania affirmed Byrd's conviction in this case. *See Commonwealth v. Byrd*, 434 Pa. Super. 714 (Pa. Super. Ct. 1994). On October 15, 1996, Byrd filed a petition in state court pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), which was denied on April 15, 1997. Byrd did not appeal the dismissal of his PCRA

---

[1] According to both Byrd and Respondent, Byrd is also serving or due to serve at least one lifetime prison sentence without the possibility of parole for first-degree murder, in connection with a separate case.

petition. Almost sixteen years later, in 2013, Byrd filed the instant petition,[2] asserting two claims: (1) Byrd's trial counsel was ineffective for not advising him of a favorable plea offer before the trial proceedings; and (2) Byrd's PCRA counsel was likewise ineffective for not raising trial counsel's ineffectiveness.

The Antiterrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996, imposes a one-year limitations period for a person in custody to petition for a writ of habeas corpus, which begins running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In his Report and Recommendation, Judge Reuter found Section 2244(d)(1)(A) governed the start date of the limitations period for Byrd's habeas petition. This Court agrees. In his objections to the Report and Recommendation, however, Byrd asserts the start date for the limitations period should instead be determined by any of the other possible start dates set forth

---

[2] A pro se prisoner's habeas motion "is deemed filed at the moment he delivers it to prison officials for mailing to the district court." *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Byrd executed his petition on February 14, 2013, and it was received by this Court on March 1, 2013. Although the exact date Byrd delivered his petition to official for mailing is not clear from the record, it is immaterial whether his petition is deemed filed on the date it was executed, received by the Court, or some date in the interim. Under even the latest date the petition could have been delivered for mailing, March 1, 2013, Byrd's petition remains untimely.

in the other sections of § 2244(d). Byrd primarily contends § 2244(d)(1)(C) applies, as the Supreme Court announced a new, retroactive constitutional right in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). However, "*Martinez* did not announce a new constitutional rule or right for criminal defendants, but rather an equitable rule prescribing and expanding the opportunity for review of their Sixth Amendment claims." *Cox v. Horn*, 757 F.3d 113, 124 (3d Cir. 2014). Section 2244(d)(1)(C) is therefore inapplicable.

Byrd also relies on § 2244(d)(1)(B) to delay the limitations period, suggesting he was impeded by state action from timely filing because of the requirements and limitations of the PCRA. As Judge Reuter notes, this is not an impediment that would have prevented petitioner from timely filing the instant habeas petition. And although Byrd mentions § 2244(d)(1)(D), the provision does not apply here, as Byrd concedes he learned of the factual predicate of his habeas claim—his trial counsel's alleged failure to advise him of a favorable plea offer before the trial proceedings—at his sentencing hearing in 1992, over twenty years before filing the instant petition. *See* Pet'r's Mem. of Law 10. The limitations period therefore began running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Judgment became final on March 27, 1994, thirty days after Byrd's appeal from his conviction was denied on February 25, 1994, which he did not further appeal. *See* Pa. R. App. P. 1113(a) ("[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court . . . ."); *see also Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000) ("[A] judgment becomes final after the time for seeking discretionary review expires, even when discretionary review is not sought."). Because Byrd's conviction became final before AEDPA was enacted, however, the one year

limitations period did not begin to run until April 24, 1996—the day AEDPA was enacted. *See Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004) (recognizing when a habeas petitioner's conviction becomes "'final' before the AEDPA came into effect on April 24, 1996, . . . his one-year period for filing a habeas petition began running on that date"). Byrd's habeas petition, therefore, "would have been due by April 23, 1997, absent any tolling of the one-year clock." *Id.*

Byrd further objects to Judge Reuter's finding that neither statutory tolling nor equitable tolling operate to excuse Byrd's delay in raising his claims. Statutory tolling applies during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Byrd indeed filed a PCRA petition on October 15, 1996—174 days after the limitations period began running on April 24, 1996—which was dismissed on April 15, 1997. Byrd did not appeal the dismissal, and the one-year limitations period resumed running thirty days later, on May 16, 1997. *See Swartz*, 204 F.3d at 423-24 (finding the term "'pending' includes the time for seeking discretionary review, whether or not discretionary review is sought," and thus the time before "the deadline for filing a timely request of appeal . . . should toll" the statute of limitations). Even taking into account the time the limitations period was statutorily tolled, Byrd's habeas petition remains untimely, as he did not file the instant petition until years later, in 2013.

Furthermore, equitable tolling is inapposite. As Byrd notes in his objections, courts "should use equitable tolling principles sparingly, and apply it only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." Pet'r's Objs. 6 (citing *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (alteration in original)). Equitable tolling applies "when the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him

from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava*, 398 F.3d at 275-76 (emphasis in original) (citation and quotation marks omitted).[3] Both elements must be present for equitable tolling to apply; Byrd has satisfied neither.

Byrd has not demonstrated he has diligently attempted to investigate and bring his claims since his PCRA petition was dismissed on April 15, 1997. Instead, about sixteen years passed before Byrd filed the instant habeas petition. What is more, Byrd has not faced extraordinary circumstances preventing him from timely filing his habeas petition. While Byrd asserts he was prevented from asserting his habeas rights until the Supreme Court decided *Martinez*, district courts have routinely found the decision does not constitute extraordinary circumstances triggering equitable tolling of the limitations period. *See, e.g.*, *Stokes v. Dist. Att'y of Cty. of Phila.*, No. 98-5182, 2013 WL 331338, at *1-2 (E.D. Pa. Jan 29, 2013); *cf. Cox*, 757 F.3d at 120 (finding the *Martinez* decision, without more, was not an extraordinary circumstance warranting reopening a "long-since-dismissed habeas petition" pursuant to Rule 60(b)). In any event, *Martinez* is inapplicable here. *See Martinez*, 132 S. Ct. at 1320 (holding "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no

---

[3] "Generally, such a situation arises if (1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Urcinoli v. Cathel*, 546 F.3d 269, 272 (3d Cir. 2008) (quotation marks omitted). But "excusable neglect is not sufficient." *LaCava*, 398 F.3d at 275-76.

Byrd does not allege he was misled or that he asserted his rights in the wrong forum. As discussed below, Byrd instead asserts he was prevented from asserting his rights in some extraordinary way; that is, he was prevented until the Supreme Court decided *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

counsel or counsel in that proceeding was ineffective"); *see also Norris v. Brooks*, 794 F.3d 401, 405 (3d Cir. 2015) ("*Martinez* made very clear that . . . [the decision] applies only to attorney error causing procedural default during initial-review collateral proceedings . . . ."). Indeed, *Martinez*'s limited application does not reach this case, as it "did not . . . establish an exception to or equitable tolling of AEDPA's one-year statute of limitations for filing a federal habeas corpus petition." *Vogt v. Coleman*, No. 08-530, 2012 WL 2930871, at *4 (W.D. Pa. 2012). Equitable tolling, therefore, does not apply.

    Having reviewed and considered Byrd's objections to Judge Reuter's Report and Recommendation, and having determined each of those objections lacks merit, this Court will overrule Byrd's objections and will adopt the Report and Recommendation. Because Byrd filed the instant habeas petition after the applicable limitations had expired, and neither statutory tolling nor equitable tolling apply to make his petition timely, his petition for writ of habeas corpus will be denied with prejudice.

    An appropriate order follows.

    BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.